Larry E. **BELTON**, Sr., Claimant–
Appellant

v.

Robert A. **McDONALD**, Secretary of
Veterans Affairs, Respondent–
Appellee.

No. 2015–7104.

United States Court of Appeals,
Federal Circuit.

Feb. 8, 2016.

Larry E. Belton, Sr., San Diego, CA,
pro se.

Erin Murdock–Park, Commercial Litiga-
tion Branch, Civil Division, United States
Department of Justice, Washington, DC,
for respondent-appellee. Also represented
by Scott D. Austin, Robert E. Kirschman,
Jr., Benjamin C. Mizer; Y. Ken Lee,
Bryan Thompson, Office of General Coun-
sel, United States Department of Veterans
Affairs, Washington, DC.

Before REYNA, BRYSON, and CHEN,
Circuit Judges.

PER CURIAM.

Larry E. Belton, Sr. appeals pro se from
the decision of the United States Court of
Appeals for Veterans Claims (the "Veter-
ans Court") denying his petition for a writ
of mandamus. Because Mr. Belton failed

to exhaust his administrative remedies be-
fore seeking mandamus relief, we *affirm.*

### BACKGROUND

Mr. Belton served in the United States
Air Force and is a veteran of the Vietnam
War. J.A. 128; S.A. 28. Mr. Belton is
currently incarcerated. Mr. Belton seeks
to apportion to his wife disability compen-
sation received from the Department of
Veterans Affairs ("VA") during his incar-
ceration. J.A. 2, 128.

On April 24, 2015, Mr. Belton filed a
petition for a writ of mandamus before the
Veterans Court, asserting clear and unmis-
takable error. S.A. 6. Mr. Belton argues
that mandamus relief is appropriate be-
cause the Board of Veterans' Appeals
("Board") failed to act on his motion seek-
ing retroactive apportionment benefits for
his wife. S.A. 7.

The Veterans Court denied Mr. Belton's
petition and his motions for sanctions and
to compel production because Mr. Belton
failed to follow the proper administrative
process for relief. S.A. 2–4, 162–63. The
Veterans Court instructed Mr. Belton that
he first needs to "pursue resolution of this
issue with VA, e.g., by seeking issuance of
a decision on the motions by the [regional
office] or Board." S.A. 3.

Mr. Belton appeals. In the informal
papers he filed before this Court, he claims
that the VA wrongfully denied apportion-
ment because the regional office lost his
marriage certificate and ignored other evi-
dence. J.A. 2. We have jurisdiction under
38 U.S.C. § 7292.[1]

### DISCUSSION

The scope of our review in an appeal
from a Veterans Court decision is limited.

---

1. Although unclear from the informal appeal,
to the extent Mr. Belton appeals from the
Veterans Court's decisions on his motions for
sanctions and to compel production, we lack

jurisdiction over those matters because those
decisions rest on the Veterans Court's appli-
cation of law to the facts.

We may review a Veterans Court decision on a rule of law or the interpretation of any statute or regulation that was relied on by the Veterans Court in making the decision. 38 U.S.C. § 7292(a). Except as to constitutional issues, we cannot review challenges to a factual determination or challenges to a law or regulation as applied to the facts of a particular case. *Id.* § 7292(d)(2).

A writ of mandamus is an extraordinary remedy that we will not grant without a clear right to the relief sought. *Mukand Int'l, Ltd. v. United States,* 502 F.3d 1366, 1369 (Fed.Cir.2007). A writ of mandamus should not issue if the petitioner has administrative recourse in the proceedings below. *Lamb v. Principi,* 284 F.3d 1378, 1384 (Fed.Cir.2002).

We conclude that the Veterans Court was correct to deny Mr. Belton's writ of mandamus. As the Veterans Court observed, Mr. Belton cannot seek appellate relief without first pursuing all administrative remedies. *Hargrove v. Shinseki,* 629 F.3d 1377, 1379 (Fed.Cir.2011) ("The only issue on appeal to this Court is whether the Veterans Court properly denied a petition for writ of mandamus when Mr. Hargrove could still avail himself of his administrative appeal rights. We conclude the Veterans Court properly denied the writ of mandamus.").

Because the Veterans Court did not err in denying mandamus relief, we *affirm.*

**AFFIRMED.**

Costs

No costs.